UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DILLON PAUL HOMOL,<br><br>Defendant. | Criminal Action No. 23-50 (JMC) |

**PRETRIAL ORDER**

As discussed during the Video Arraignment and Status Conference held in this case on February 23, 2023, and in order to administer the trial of this case in a manner that is fair and just to the Parties and is consistent with the goal of completing the trial in the most efficient manner, it is hereby

**ORDERED** that a pretrial conference will be held on **September 18, 2023, at 9:30 AM** in Courtroom 21. It is further

**ORDERED** that the bench trial of this case will commence on **September 18, 2023,** following the conclusion of the pretrial conference, in Courtroom 21. It is further

**ORDERED** that any motions, other than motions in limine, are due by **June 2, 2023**. Oppositions to any such motions are due by **June 9, 2023**. Replies are due by **June 16, 2023**. It is further

**ORDERED** that any motions in limine are due by **August 4, 2023**. Oppositions are due by **August 11, 2023**. Replies are due by **August 18, 2023**. It is further

**ORDERED** that the Government will make any expert disclosures required by Federal Rule of Criminal Procedure Rule 16(a)(1)(G) by **June 16, 2023**. Any reciprocal expert disclosure

1

by Defendant will also be made by **June 16, 2023**. Any expert disclosures by the Government made in rebuttal to the Defendant's timely expert disclosures will be made by **July 14, 2023**. It is further

**ORDERED** that the Government will notify Defendant of its intention to introduce any Federal Rule of Evidence 404(b) evidence not already disclosed by **June 16, 2023**. It is further

**ORDERED** that Defendant will satisfy his reciprocal discovery obligations under Federal Rule of Criminal Procedure 16(b), except as to experts, by **August 4, 2023**. The Government will also satisfy its discovery obligations under Rule 16 by **August 4, 2023**. It is further

**ORDERED** that the Parties will file the following on the public docket by **September 11, 2023**:

a. <u>written statements</u> (i) by the Government setting forth the terms of any plea offer made to Defendant and the date such offer was made and lapsed; and (ii) by Defense Counsel indicating (1) the dates on which the terms of any plea offer were communicated to Defendant and rejected, *see Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."), and (2) the potential sentencing exposure communicated by the Defense Counsel to Defendant and the date on which such communication occurred, *see United States v. Rashad*, 331 F.3d 908, 912 (D.C. Cir. 2003);

b. <u>a list of expert witnesses</u>, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

   c. <u>a list of prior convictions</u> that the Government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

   d. <u>lists of exhibits</u> that the Parties intend to use during their cases-in-chief, with a brief description of each exhibit, followed by specific objections (if any) to each exhibit;

   e. <u>copies of any exhibits</u> in dispute; and

   f. <u>any stipulations</u> executed or anticipated to be executed.

It is further

**ORDERED** that the Parties will exchange exhibit lists, which they must eventually file on the public docket, by **September 1, 2023**. The lists will consist of all exhibits that the Parties intend to use in their cases-in-chief. The Parties will confer regarding any objections to the proposed exhibits to narrow the issues in dispute before filing. All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from the Courtroom Deputy Clerk. The written lists of exhibits must contain a brief description of each exhibit.

At the commencement of trial, counsel will furnish the Court with electronic copies of their exhibit lists and pre-marked exhibits. It is further

**ORDERED** that the Government is under a continuing and ongoing obligation to provide Defense Counsel any favorable or exculpatory information (*Brady*), whether or not admissible in evidence. *Brady* information must be disclosed on a rolling basis—"the duty to disclose is ongoing." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). To the extent it has not already done so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (*Giglio*)—including *Lewis* material—on or before **September 11, 2023**. *See United States v. Celis*, 608 F.3d 818, 835-36 (D.C. Cir. 2010). The Government will endeavor to make grand jury and Jencks Act disclosures as to each

witness it expects to call in its case-in-chief by **September 11, 2023**. *Giglio* obligations are also ongoing.

    **SO ORDERED.**

DATE: March 6, 2023

_____
Hon. Jia M. Cobb
U.S. District Court Judge
