UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**United States of America**

                                        Case No. 23-cr-0050 (JMC)

    v.


**Dillon Paul Homol**,


      *Defendant*.


**Memorandum of Law In Support of
Defendant's Motion to Dismiss the Indictment**

James W. Hundley
William T. DeVinney
Briglia Hundley, P.C.
1921 Gallows Road, Ste 750
Tysons Corner, VA 22182
Phone: (703) 883-0880
Fax: (703) 942-8092
Email:  jhundley@brigliahundley.com
Email:  wdevinney@brigliahundley.com

**Table of Contents**

I.     Legal Standard ...................................................................................2

II.    Count 1 should be dismissed because the indictment does not
       state all the elements of an offense ...................................................3

   A.  The government fails to allege Mr. Homol acted "corruptly"
       under 18 U.S.C. § 1512(c)(2). ............................................................3

   B.  Alternatively, Count 1 must be dismissed because the mens
       rea—corruptly—is unconstitutionally vague. .................................10

   C.  Count 1 should be dismissed because it fails to allege that Mr.
       Homol tampered with or destroyed any evidence..........................12

III.   Counts 2 through 5 Are Multiplicitous Because Each Would
       Punish Mr. Homol for the Same Alleged Act—Entering the
       Capitol Building to Protest the Presidential Certification. ...........13

## Table of Authorities

**Cases**

Arthur Anderson LLP v. United States, 544 U.S. 696 (2005)...................................8, 9, 10

Blockburger v. United States, 284 U.S. 299 (1932)......................................................13

*Johnson v. United States*, 576 U.S. 591, 595 (2015) ................................................. 10-11,

*United States v. Childress*, 58 F.3d 693 (D.C. Cir. 1995)......................................................2

*United States v. Fischer*, Nos. 22-3038, 22-3039, 22-3041,
    __ F.4th __, 2023 U.S. App. LEXIS 8284 (D.C. Cir. Apr. 7, 2023) ................... *passim*

*United States v. Griffin*, 549 F. Supp. 3d 49 (D.D.C. 2021). ...........................................13

*United States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992) ...........................................13

*United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981) .................................................13

*United States v. Sunia*, 643 F. Supp. 51 (D.D.C. 2009).....................................................2

*United States v. Weathers*, 493 F.3d 229 (D.C. Cir. July 17, 2007)................................13

**Statutes**

18 U.S.C. § 1512(c)(2) ........................................................................................ *passim*

18 U.S.C. § 1752(a)(1) ....................................................................................................1

18 U.S.C. § 1752(a)(2) ....................................................................................................1

40 U.S.C. § 5104(e)(2)(D) ..............................................................................................1

40 U.S.C. § 5104(e)(2)(G)...............................................................................................1

**Other Authority**

Black's Law Dictionary (10th ed. 2009)....................................................................3, 4

Merriam-Webster's Collegiate Dictionary (11th ed.).........................................................4

The government indicted hundreds of people, including Defendant Dillon Homol, with crimes allegedly committed in and around the United States Capitol Building on January 6, 2021. Some of those charged allegedly assaulted police officers, damaged windows or doors to force entry into the Capitol, threatened members of Congress and the Vice President, entered the Senate chamber, or damaged or stole property from Congressional offices or other areas inside the Capitol.

Mr. Homol did none of these things. Rather, the indictment alleges that Mr. Homol only entered and paraded, demonstrated, and picketed in the Capitol without permission which disrupted the certification of the 2020 Presidential election. From these limited acts, the indictment alleges five different criminal charges: Obstruction of an Official Proceeding and Aiding and Abetting under 18 U.S.C. § 1512(c)(2); Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building under 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building under 40 U.S.C. § 5104(e)(2)(G). (D.I. 240).

The indictment suffers from several defects. First, Count 1 charges Mr. Homol with "corruptly" obstructing, influencing, or impeding an official proceeding under 18 U.S.C. § 1512(c)(2):

(c) Whoever corruptly—

> **(1)** alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> **(2)** otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

The indictment, however, does not allege any corrupt act. (D.I. 240). Under Supreme Court and D.C. Circuit Court precedent, parading, demonstrating, and picketing are not "corrupt" acts under the statute.

Second, the indictment is multiplicitous. Counts 2 through 5 are all different descriptions of the same alleged facts—Mr. Homol entered the Capitol without authorization, protested, and thereby disrupted the election certification.[1] Convicting Mr. Homol on more than one of these counts would violate the Double Jeopardy clause by convicting him multiple times for the same offense.

## I.    Legal Standard

An indictment must provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A valid indictment must set out "the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Griffin*, 549 F. Supp. 3d 49, 53 (D.D.C. 2021). The indictment also "must state the essential elements of the crime and allegations of 'overt acts [constituting

---

[1]If the Court interprets "corruptly" under Section 1512(c)(2) so broadly as to cover Mr. Homol's alleged acts, then Count 1 is also multiplicitous.

the offense] with sufficient specificity.'" *Id.* (quoting *United States v. Childress*, 58 F.3d 693, 720 (D.C. Cir. 1995)). Thus, a valid indictment must "(1) allege the essential facts constituting the offense, (2) allege each element of the offense, so that fair notice is provided, and (3) be sufficiently distinctive that a verdict will bar a second prosecution for the same offense." *United States v. Sunia*, 643 F. Supp. 51, 77 (D.D.C. 2009).

II.    **Count 1 should be dismissed because the indictment does not state all the elements of an offense.**

A.    **The government fails to allege Mr. Homol acted "corruptly" under 18 U.S.C. § 1512(c)(2).**

Count 1 alleges that Dillon Homol "attempted to, and did, ***corruptly*** obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18," which would violate 18 U.S.C. § 1512(c)(2). (D.I. 60, at 1-2.) (emphasis added). That count should be dismissed because the indictment fails to allege any corrupt act or motive by Mr. Homol.

Both its plain meaning and its context show that Congress intended "corruptly" to mean an attempt to undermine an official investigation or proceeding through bribery, violence, or other dishonest means. Black's Law Dictionary defines corrupt, when used as a verb, as "[t]o change (someone's behavior, morals, or principles) from good to bad; to pervert the integrity of." Black's Law Dictionary

3

(10th ed. 2009). When used as an adjective, corrupt means "having unlawful or depraved motives; given to dishonest practices, such as bribery." *Id.* Similarly, Webster's dictionary defines "corrupt" as "to change from good to bad in morals, manners or actions; *also* BRIBE." Merriam-Webster's Collegiate Dictionary (11th ed.).

The context in which Congress used corruptly in Section 1512(c) shows Congress intended it to mean dishonesty, bribery, witness intimidation, and other attempts to pervert an official investigation or legal proceeding. Section 1512's title is "Tampering with a witness, victim, or informant." The statute criminalizes killing, harming, threatening to harm, or intimidating someone for these reasons:

- To prevent that person from testifying at a trial or other proceeding;

- To coerce or prevent that person from speaking to law enforcement or other investigators;

- To induce that person to destroy, mutilate, or falsify evidence; or

- To delay a trial or other proceeding.

18 U.S.C. § 1512. Thus, "corruptly," in the context of Section 1512, refers to an attempt to undermine an investigation, trial, or similar official proceeding through bribery, violence, or other dishonest means.

The D.C. Circuit recently addressed Section 1512(c)(2)'s "corruptly" element in a case involving January 6, 2021, rioters. Although the panel did not agree on the meaning of "corruptly," Mr. Homol's alleged acts do not satisfy the

statute's "corruptly" element under any of the panel's three separate opinions. *See*

*United States v. Fischer*, Nos. 22-3038, 22-3039, 22-3041, __ F.4th __, 2023 U.S.

App. LEXIS 8284, *57-58 (D.C. Cir. Apr. 7, 2023). In *Fischer*, three defendants,

like Mr. Homol, accused of crimes arising from January 6, 2021, challenged

whether their indictments alleged a violation of Section 1512(c)(2). But those

defendants, unlike Mr. Homol, were charged with threatening or committing violent

acts such as brandishing weapons and assaulting police officers, and that they

committed those specific violent acts to overturn the results of the 2020 election.

*Id.* at *3 (finding that one defendant stated, "If Trump don't get in we better get to

war.").

In the lead opinion, Judge Pan analyzed three definitions of "corruptly:"

- First, corruptly could mean an act "normally associated with wrongful, immoral, depraved, or evil" conduct as used in *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

- Second, corruptly could mean acting "with a corrupt purpose through independently corrupt means," as defined by *Sandlin*, 575 F. Supp. 3d at 31.

- Third, corruptly could mean an act done "voluntarily and intentionally to bring about either an unlawful result or a lawful result by some unlawful means, with a hope or expectation of either financial gain or other benefit to oneself or a benefit [for] another person." *United States v. Aguilar*, 515 U.S. at 616-17 (Scalia, J., concurring in part).

Judge Pan ultimately concluded that he need not adopt any of these three definitions

because the defendants met any of those potential definitions. First, the defendants

5

assaulted police officers, which Judge Pan found to be "wrongful, immoral, depraved, or evil" conduct as well as "corrupt means." *Id.* at *20-21 (citing *Arthur Andersen*, 544 U.S. at 705). Further, the indictment alleged that the defendants intended to "help[] their preferred candidate overturn the election results," which would confer a benefit on another as required by Scalia's definition of "corruptly" in *Aguilar*. *Id.* at 21. Thus, Judge Pan upheld the defendants' indictments because, under any interpretation of the term, the indictment alleged that the defendants acted corruptly.

In dissent, Judge Katsas also declined to define corruptly. Instead, Judge Katsas held that Section 1512(c)(2)'s text required the government to prove that the defendant committed some act that affected the integrity or availability of evidence in a proceeding. *Id.* at *70. Without such a limitation on 1512(c)(2), no definition of corruptly would save Section 1512(c)(2) from being impermissibly overbroad and vague: "Rather than try to extract meaningful limits out of that broad and vague adverb, we should have acknowledged that Congress limited the *actus reus* to conduct that impairs the integrity or availability of evidence." *Id.* at *117. Thus, Judge Katsas would have dismissed the indictments on that ground.

Judge Walker concurred with Judge Pan in upholding the indictments but refused to join that part of Judge Pan's opinion that "declines to decide the scope of [Section 1512](c)(2)'s 'corrupt[]' mental state." *Id.* at *46. Judge Walker found that

6

the panel "*must* define that mental state to make sense of 1512(c)(2)'s act element."

*Id.*

Judge Walker found that "corruptly" under Section 1512(c)(2) means "an intent to procure an unlawful benefit either for [one]self or for some other person." *Id.* at *47. Judge Walker reached this finding after extensively analyzing the history of the term "corruptly" in the common law and federal statutes, the statute's plain language, and the statutory scheme. *Id.* at *43-59. A broader definition of corruptly, Judge Walker held, would render the Section 1512(c)(2) unconstitutionally vague. *Id.* at *65-67.  Thus, Judge Walker held that, to prove a defendant acted corruptly under Section 1512(c)(2), the government must show the defendant acted with "an intent to procure an unlawful benefit either for [oneself] or for some other person." *Fischer*, 2023 U.S. App. LEXIS 8284, at *57-58. (quoting *Marinello v. United States*, 138 S. Ct. 1101, 1114 (2018) (Thomas, J., dissenting)) (Walker, J., concurring in part).  That includes "proof that the defendant not only knew he was obtaining an 'unlawful benefit' but that his 'objective' or 'purpose' was to obtain that unlawful benefit." *Id.* at *38.

Despite applying that narrow definition of "corruptly," Judge Walker also found the indictments sufficient. Judge Walker found that "it might be enough for the Government to prove that a defendant used illegal means (like assaulting police officers) with the intent to procure a benefit (the presidency) for another person (Donald Trump)." *Id.* at *67. But Judge Walker emphasized that he concurred with

7

the judgment only because the indictment satisfied his definition of corruptly: "Because I read 'corruptly' as courts have read for hundreds of years—and only because I read it that way—I concur in the Court's judgment." *Id.* at *62.

Judge Walker's finding tracks the Supreme Court's holding in *Arthur Anderson LLP v. United States*, 544 U.S. 696 (2005). When Arthur Andersen first learned that its audit client, Enron, might be part of an accounting scandal, Arthur Andersen encouraged its Enron team to enforce its document retention policy of shredding documents more than three years old. Arthur Andersen's aggressive shredding continued long after it knew that it would be subject to litigation and regulatory investigations that would seek the documents being shredded.

> If it's destroyed in the course of [the] normal policy and litigation is filed the next day, that's great . . .. We've followed our own policy, and whatever there was that might have been of interest to somebody is gone and irretrievable.

*Id.* at 700. Arthur Anderson stopped shredding only when it received an SEC subpoena.

When Arthur Andersen's actions emerged, the government charged and convicted Arthur Andersen under a prior version of Section 1512. The indictment alleged that Arthur Andersen "did knowingly, intentionally and corruptly persuade . . . other persons, to wit: [petitioner's] employees, with intent to cause" them to withhold documents from, and alter documents for use in, "official proceedings, namely: regulatory and criminal proceedings and investigations." *Id.* at 702. The

8

trial court used a Fifth Circuit pattern jury instruction that defined corruptly as "'knowingly and dishonestly, with the specific intent to subvert or undermine the integrity' of a proceeding." *Id.* at 706. However, the trial court removed "dishonestly" from its instruction.

The Supreme Court overturned Arthur Andersen's conviction because the trial court improperly instructed the jury on the appropriate means rea—knowingly and corruptly. The Court held that corruptly means acts "normally associated with wrongful, immoral, depraved, or evil" conduct. *Id.* at 705. By changing the definition of corruptly, the Supreme Court found that "[n]o longer was any type of 'dishonesty' necessary to the finding of guilt, and it was enough for the petitioner to have simply 'impede[d]' the government's factfinding ability." *Id.* at 706-07. Thus, the Supreme Court reversed Arthur Andersen's conviction.

Under both *Fischer* and *Arthur Andersen*, the indictment in this case fails to allege that Mr. Homol acted corruptly. Mr. Homol's acts do not fit the only definition of corruptly that two judges in *Fischer* agreed upon: to voluntarily and intentionally bring about either an unlawful result or a lawful result by some unlawful means, with a hope or expectation of either financial gain or other benefit for oneself or another person. *See Fischer*, 2023 U.S. App. LEXIS 8284, at *20 and *id.* at *46 (Walker, J., concurring). The panel upheld the indictments in *Fischer* because both Judge Pan and Judge Walker found the indictments sufficiently alleged that the defendants acted to unlawfully to secure the Presidency for Donald Trump. Unlike

9

the indictments in Fischer, the indictment brought against Mr. Homol does not

allege he sought any benefit, whether to reinstate Donald Trump as President like

the *Fisher* defendants or any other benefit.

Even under the broadest definition considered by Judge Pan—*Arthur*

*Anderson's* "wrongful, immoral, depraved, or evil"—Mr. Homol's alleged acts do

not satisfy the "corruptly" element. As Judge Pan held, to be "wrongful, immoral,

depraved, or evil," the statute requires "an obstructive action [that] is

independently unlawful—i.e., an independently unlawful act is necessarily

'wrongful' and encompasses a perpetrator's use of 'independently corrupt means'

or 'an unlawful method.'" *Fischer*, 2023 U.S. App. LEXIS 8284, at *20. The

indictment against Mr. Homol alleges only that he engaged in disorderly conduct—

by picketing, protesting, or demonstrating—in the Capitol Building which disrupted

the Presidential certification. But protesting, picketing, and demonstrating are

Constitutionally protected activities that are not inherently "wrongful, immoral,

depraved or evil." Mr. Homol's alleged actions violated the law only because he did

them in the Capitol. Thus, the indictment fails to allege a corrupt act.

> **B.     Alternatively, Count 1 must be dismissed because the mens rea—corruptly—is unconstitutionally vague.**

Alternatively, Count 1 should be dismissed because it is unconstitutionally

vague. A criminal law violates the Due Process Clause if it is "so vague that it fails

to give ordinary people fair notice of the conduct it punishes, or so standardless that

it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015).

As used in Section 1512(c)(2), the term "corruptly" is so ambiguous that Mr. Homol cannot determine what *mens rea* the indictment alleges. The Court need only read the D.C. Circuit panelists' struggle in *Fischer* to define "corruptly." Of the three panelists, two—the lead and the dissenting opinions—refused or failed to define corruptly. Instead, the lead opinion considered three different possible definitions. Although the concurring opinion adopted one of the lead opinion's possible choices, the lead and concurring judges could not agree on whether that agreed-upon definition bound future D.C. Circuit panels. In a footnote, Judge Walker wrote that, because his opinion upheld the convictions using the narrowest definition of corruptly, it bound future panels. *Fischer*, 2023 U.S. App. LEXIS 8284, at *68 n.10. But Judge Pan disputed Judge Walker's claim because no two judges specifically adopted Judge Walker's definition. *Id.* at *24 n.5. Thus, the lead and concurring judges disagreed about whether they agreed!

Given the panelists' fractured findings in *Fischer*, Mr. Homol cannot know what the government must prove to satisfy the "corruptly" element. Must it meet one of the three standards in Judge Pan's opinion, the standard adopted by Judge Walker, or some other standard? The *Fischer* panelists themselves could not agree on this question. Without an adequate answer, Mr. Homol cannot effectively prepare his defense because he is not on fair notice of what conduct is being punished.  Under

11

the current state of the law, the "corruptly" element is so standardless that the government is free to seek arbitrary enforcement of Section 1512(c)(2).

### C.   Count 1 should be dismissed because it fails to allege that Mr. Homol tampered with or destroyed any evidence.

Count 1 should also be dismissed because it fails to allege a violation of Section 1512(c)(2). Section 1512(c) authorizes imprisonment for "[w]hoever corruptly … obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both."

As explained above, Section 1512 generally addresses attempts to interfere with a judicial or other evidentiary hearing or proceeding. *See* § I.A, *supra*. For that reason, the dissent in *Fischer* agreed with the trial court that, in the context of Section 1512 overall and Section 1512(c), Section 1512(c)(2) was limited to criminalizing acts of evidence spoliation. *Fischer*, 2023 U.S. App. LEXIS 8284, at *69-70. Judge Katsas found that Section 1512(c)(1) limits the acts forbidden under (c)(2) to those similar to the acts listed in (c)(1). *Id.* at *70. To interpret (c)(2) as a broad, catchall phrase renders "[S]ection 1512(c) implausibly broad and unconstitutional in a significant number of its applications." *Id.*

The indictment does not allege that Mr. Homol destroyed, altered, or otherwise prevented anyone from introducing evidence in an official proceeding.

Thus, it fails to allege a violation of Section 1512(c)(2) and that count should be dismissed.[2]

### III. Counts 2 through 5 Are Multiplicitous Because Each Would Punish Mr. Homol for the Same Alleged Act—Entering the Capitol Building to Protest the Presidential Certification.

The Fifth Amendment's double jeopardy clause protects "not only against a second trial for the same offense, but also against multiple punishments for the same offense." *United States v. Weathers*, 493 F.3d 229, 233 (D.C. Cir. July 17, 2007) (internal quotation marks omitted). Thus, an indictment in which "a single offense is alleged in a number of counts, unfairly increasing a defendant's exposure to criminal sanctions" is multiplicitous and defective. *United States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992). A multiplicitous indictment "improperly prejudice[s] a jury by suggesting that a defendant has committed not one but several crimes." *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981). To determine whether two or more counts of an indictment allege the same crime, the Court must decide "whether each [count] requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Despite using different language, the indictment brings several different counts for the same series of alleged acts.

---

[2] Although Judge Katsas's opinion was in dissent, Mr. Homol presents the argument here to preserve it in case the D.C. Circuit sitting *en banc* or the Supreme Court overrules *Fischer.*

- *First*, Count 2 alleges that Mr. Homol entered the Capitol without permission;

- *Second*, Count 4 and Count 5 allege that, after entering the Capitol, Mr. Homol engaged in disorderly conduct—parading, demonstrating, and picketing;

- *Third*, Count 3, and possibly Count 1 (depending on how the Court interprets "corruptly"), allege that Mr. Homol's parading, demonstrating, and picketing disrupted the Presidential Certification process.

(D.I. 240). Thus, the same facts that would satisfy the elements of Count 3 (and possibly Count 1) would also satisfy the elements of every other Count. If Mr. Homol is convicted of the only acts alleged in the indictment—that he willingly entered the Capitol building to parade, demonstrate, and picket to disrupt the certification process—Mr. Homol will be convicted for four or five separate offenses for the same alleged crime. Those convictions would violate the Fifth Amendment's double jeopardy clause. The Court should dismiss the indictment and order the government to merge Mr. Homol's alleged acts into a single count if he is re-indicted.

## Conclusion

The January 6, 2021, riot at the Capitol Building was a dark day in this nation's history. Nevertheless, that bleak fact does not authorize the government to file charges under inapplicable or vague statutes, or to pile on multiple charges for

14

the same conduct. For that reason, Mr. Homol asks that this Honorable Court dismiss the indictment against him.

Dated:  June 2, 2023                        Respectfully Submitted,

_____

James W. Hundley
William T. DeVinney
Briglia Hundley, P.C.
1921 Gallows Road, Ste 750
Tysons Corner, VA 22182
Phone: (703) 883-0880
Fax: (703) 942-8092
Email:  jhundley@brigliahundley.com
Email:  wdevinney@brigliahundley.com

15

**Certificate of Service**

I certify that on June 2, 2023, the foregoing Memorandum of Law In

Support of Defendant's Motion to Dismiss the Indictment was served on the

following via the Court's electronic filing system:

Elizabeth Nash Eriksen
DOJ-Criminal Division
1301 New York Avenue
8th Floor
Washington, DC 20005

_____

William DeVinney