UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**United States of America**

                                          Case No. 23-cr-0050 (JMC)

v.

**Dillon Paul Homol**,

        *Defendant*.

**Defendant's Memorandum of Law in Support of Its
Motion to Require the Government to Comply with Its *Brady* Obligations**

Defendant is charged under an indictment alleging five counts arising from Defendant's alleged participation in the protests at the United States Capitol Building on January 6, 2021. News reports state that the United States House of Representatives has 41,000 hours of video footage taken at the Capitol on January 6, 2021, ("House Video"). Those reports also claim that video would be made available to counsel for defendants charged with crimes arising from the January 6, 2023, protests.[1]

Defendant's counsel contacted the government to determine whether it has reviewed the House Video, whether the House Video has already been produced, and

---

[1] *See*, *e.g.*, Manu Raju, Holmes Lybrand, and Hannah Rabinowitz, "McCarthy grants access to Capitol security footage to January 6 defendants," https://www.cnn.com/2023/02/28/politics/capitol-security-footage-january-6-mccarthy/index.html. (last visited June 2, 2023).

whether the House Video includes any potentially exculpatory evidence. The government did not respond. Defendant's counsel also contacted the Speaker of the House Office and was told that the House's Video could not be obtained from the House of Representatives.

Defense counsel does not know whether the House Video contains any new or exculpatory evidence. The government has already made approximately 27 global productions to counsel for defendants accused of crimes on January 6, 2021. Defendant does not know how much, if any, of the House Video is contained in the government's previous productions.

If the House Video contains exculpatory evidence, the government must identify it. The government has an "an affirmative duty to disclose exculpatory evidence to the defense, even if no request has been made by the accused." *United States v. Borda*, 848 F.3d 1044, 1066 (D.C. Cir. 2017). Under *Brady v. Maryland*, 373 U.S. 83 (1963), the government must disclose any information favorable to the accused which may reduce a defendant's potential sentence, go against the credibility of an unfavorable witness, or otherwise allow a jury to infer against the defendant's guilt.

Along with disclosure, the government's *Brady* obligations include "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *United States v. Bingert*, No. 1:21-cr-91-1-RCL, 2023 U.S. Dist. LEXIS 76491, at *7 (D.D.C. May 2, 2023) (quoting *Kyles v.*

*Whitley*, 514 U.S. 419, 437 (1995)). The government cannot meet its obligations by simply turning over exculpatory evidence as part of a large document production; the government must identify the *Brady* material within that production. *United States v. Saffarinia*, 424 F. Supp. 3d 46, 87 (D.D.C. 2020).

Defendant asks the Court to order that the government meet, or confirm that it has already met, its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), with regard to any evidence contained in the House Video.

Dated:  June 2, 2023                                Respectfully submitted,

*/s/ William DeVinney*
_____
James W. Hundley
William T. DeVinney
Briglia Hundley, P.C.
1921 Gallows Road, Ste 750
Tysons Corner, VA 22182
Phone: (703) 883-0880
Fax: (703) 942-8092
Email:  jhundley@brigliahundley.com
Email:  wdevinney@brigliahundley.com

## Certificate of Service

I certify that on June 2, 2023, the foregoing Defendant's Memorandum of Law in Support of Its Motion to Require the Government to Comply with Its Brady Obligations was served on the following via the Court's electronic filing system:

> Elizabeth Nash Eriksen
> DOJ-Criminal Division
> 1301 New York Avenue
> 8th Floor
> Washington, DC 20005

_____
William DeVinney