UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-mj-50 (JMC) |
| v. | : | |
| | : | |
| DILLON PAUL HOMOL, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REGARDING *BRADY* OBLIGATIONS AND HOUSE VIDEO FOOTAGE

In his filing, defendant Homol has asked the Court to direct the government to meet, or confirm that it has already met, its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), with regard to evidence he describes as "41,000 hours of video footage taken at the Capitol on January 6, 2021, ("House Video")." The defendant relies primarily on an online article from CNN, that the defendant last viewed on June 2, 2023, but was last *updated* by CNN on February 28, 2023. The defendant says that months ago, CNN reported that, "video would be made available to counsel for defendants charged with crimes arising from the January 6, 2023, protests." ECF No. 68-1 at 1, n. 1.

The defendant further alleges that he, through counsel, "contacted the government to determine whether it has reviewed the House Video, whether the House Video has already been produced, and whether the House Video includes any potentially exculpatory evidence. The government did not respond." ECF no. 68-1 at 2. On March 31, 2023, defense counsel did contact government counsel by email. Government counsel was out of the office at the time, and did not respond to defense counsel's email which read, "Can you tell me how the government is handling the release of the Jan. 6 Congressional video to the media? I've heard it's over 41,000 hours long. Do you know if this video is the same as what your office/DOJ

reviewed as part of the Global Discovery Production, or does it contain new material?" At no point did defense counsel ask if the House Video contained any exculpatory evidence or where counsel "heard" this information. The defendant also states that, "[d]efendant's counsel also contacted the Speaker of the House Office and was told that the House's Video could not be obtained from the House of Representatives."

The government believes that the footage in question comes from the Capitol's video surveillance system, commonly referred to as "CCTV" ("closed-circuit television"). The Court is likely familiar with the numerous CCTV clips that have been introduced as exhibits during other January 6 cases. The CCTV footage is core evidence in nearly every January 6 case, and it was produced *en masse*, labeled by camera number and by time, to all defense counsel in all cases.[1]

In his motion, the defendant concedes that "[t]he government has already made approximately 27 global productions to counsel for defendants accused of crimes on January 6, 2021." This includes hours of CCTV footage. Government counsel has produced these promptly each time a new round of Global Discovery has been released.[2] The defendant, like all other defendants charged in connection with the January 6, 2021 riot at the U.S. Capitol, has access to this information on a shared database. Further, government counsel has also forwarded

---

[1] The productions excluded a limited set of footage that the Capitol Police designated as security information, such as X-Ray machine feeds and views of evacuation routes and Sensitive Compartmented Information Facility ("SCIF") office lobbies.

[2] The letter accompanying the latest round of Global Discovery number 27 was disclosed to defense counsel via email and USAFx on May 12, 2023. The cover letter accompanying that production stated that, "As of May 8, 2023, over 5.03 million files (over 7.77 terabytes of information) have been provided to the defense Relativity workspace. These files include (but are not limited to) the results of searches of 796 digital devices and 426 Stored Communications Act accounts; 6,100 FBI FD-302s and related attachments (FD-302s generally consist of memoranda of interviews and other investigative steps); 483 digital recordings of subject interviews; and 149,130 (redacted or anonymous) tips."

all case-specific discovery to defense counsel in a timely manner. This includes CCTV video, open-source video, video from the defendant's Facebook page, text messages from the defendant's phone, among other items. The defendant states that, "[d] Defense counsel does not know whether the House Video contains any new or exculpatory evidence." Counsel for the government has produced all CCTV in its possession. It has not reviewed nor does it have any control or direct knowledge of what footage or how many hours of video, is in the possession of another branch of government, namely the House of Representatives. The defendant has apparently, without success, tried to obtain this video from the source, but in his filing he acknowledges that, "[d]efendant's counsel also contacted the Speaker of the House Office and was told that the House's Video could not be obtained from the House of Representatives. ECF No. 68-1 at 2.

While discovery in this case is voluminous, the government has provided defense counsel with the necessary tools to readily identify relevant cameras within the CCTV to determine whether footage was produced or not. Accordingly, the volume of discovery does not excuse defense counsel from making reasonable efforts to ascertain whether an item has been produced before making representations about what was and was not produced, let alone before filing inaccurate and inflammatory allegations of discovery failures.

The defendant's possession of the videos is dispositive of his *Brady* claim. Nonetheless, the record should be clear that the videos in question are not exculpatory of this defendant or any other participant in the siege of the Capitol on January 6, 2021. In fact, the videos of the defendant's movements throughout his time in the Capitol are highly inculpatory of Homol and the other rioters captured on them.

The defendant offers no non-speculative reason to believe that any such video

surveillance footage, that may not have been provided to the defendant in the course of discovery, will bear in a material way on the evidence in this case, and on his conduct. A review of the currently available evidence indicates that the timeframe where the Defendant is apparently not on CCTV footage (or other third-party footage) inside the Capitol is a matter of seconds. Defendant's movements inside the Capitol are otherwise captured in either CCTV footage or third-party footage, that has been provided to the Defendant. Nor does the Defendant suggest what this supposed gap in coverage would reveal that would be remotely exculpatory to the crimes with which he is charged.

Counsel for the Government has not had the opportunity to compare the files described by Speaker McCarthy with those previously disclosed, and the defendant's suggestion that he faces prejudice due to the potential existence of additional information is unfounded.

As Chief Judge Howell noted, the government's discovery obligations in a criminal case are properly limited to materials that are potentially relevant to a defendant's case in the government's possession or control, and the government is not obliged to acquire materials possessed or controlled by others. *See United States v. Anthony Williams*, 21-cr-377, ECF No. 108, at 6 (citing *United States v. Meija*, 488 F.3d 436, 444-45 (D.C. Cir. 2006) (rejecting defense argument that government's discovery obligations extended to securing potentially relevant material held by a foreign government)); *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998) (observing that "the government cannot be required to disclose evidence that it neither possesses nor controls"); *United States v. Weisz*, 718 F.2d 413, 436 (D.C. Cir. 1983) (noting that the "duty of disclosure attaches in some form once the [g]overnment has first gathered and taken possession of the evidence in question" (emphasis in original) (quoting *United States v. Brant*, 439 F.2d 642, 644 (D.C. Cir. 1971)); *see also United States v. Liddy*, 542 F.2d 76, 83 (D.C. Cir.

1976) (declining to reach the question whether the Jencks Act or Brady principles reach "materials in the possession of Congressional Committees").

## **CONCLUSION**

The defendant's motion is purely speculative and unsupported by the facts and evidence in this case and should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  /s/ Elizabeth N. Eriksen
ELIZABETH N. ERIKSEN
Trial Attorney, Detailee
VA Bar No. 72399
1301 New York Ave., N.W., Room 849
Washington, DC 20530
(202) 616-4385
Elizabeth.Eriksen@usdoj.gov

/s/ Nathaniel K. Whitesel
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7759