UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **United States of America**, *Plaintiff*, v. **Dillon Paul Homol**, *Defendant.* | Case No. 23-cr-50 (JMC) |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

# Table of Contents

I.  In opposing the motion to dismiss Count 1, the government is limited to the acts alleged in the indictment and those acts do not constitute corrupt acts under Section 1512©........................ 5

    a.  Mr. Homol is not requesting more specific facts to be alleged in the indictment; the facts that are alleged do not constitute corrupt acts............................................................................ 5

    b.  The government cannot avoid a motion to dismiss the indictment by citing facts not alleged in the indictment. ................................................................................................. 6

II.  The government asks this Court to apply a definition of corruptly that two of three panel judges rejected in the controlling D.C. Circuit opinion. ................................................................. 6

III.  Two of the three judges in *Fischer* found that the government's proposed definition of corruptly could render 18 U.S.C. § 1512(c) unconstitutionally vague. ......................................... 7

## **Table of Authorities**

*Hamling v. United States*, 418 U.S. 87, 118 (1974) ..................................................................... 5-6

*Blockburger v. United States*, 284 U.S. 299, 304 (1932) ................................................................. 8

*United States v. DiFonzo*, 603 F.2d 1260 (7th Cir. 1979); ............................................................. 6

*United States v. Fischer*, __ F.4th __, 2023 U.S. App. LEXIS 8284 (D.C. Cir. 2023).. ........ passim

*United States v. Miller*, 605 F. Supp. 3d 63, 71 (D.D.C. 2022) ....................................................... 6

*United States v. Montgomery*, 578 F. Supp. 3d 54 (D.D.C. 2021) .................................................. 6

*United States v. Safavian*, 429 F. Supp. 2d 156 (D.D.C. 2006) ....................................................... 6

*United States v. Walker*, 383 U.S. App. D.C. 270, 274, 545 F.3d 1081, 1085 (2008) ................... 9

The government's opposition to Dillon Homol's motion to dismiss suffers from four flaws:

- *First*, the government mischaracterizes Mr.Homol as arguing that the indictment needs more detail to support Count 1, which alleges a violation of 18 U.S.C. § 1512(c). In fact, the indictment alleges Mr. Homol's wrongful acts: parading, demonstrating, or picketing inside the Capitol building. Count 1 must be dismissed because those are not "corrupt" acts under Section 1512(c).

- *Second*, the government asks the Court to apply a definition of corrupt—dishonest, with an improper purpose, consciousness of wrongdoing, or independently criminal—that two of three judges in *Fischer* rejected.

- *Third*, the government, while conceding that none of the three judges in *Fischer* could agree on the meaning of "corruptly," claims the term is nevertheless clear and not unconstitutionally vague as applied to Mr. Homol. The Court in *Fischer* did not give blanket approval of the term "corruptly." Rather, two of three judges upheld the convictions because the defendants before them, unlike Mr. Homol, acted in ways that satisfied any definition of corruptly.

- *Four*, the government argues that, just because the statute in each count includes different elements, the government can try and convict Mr. Homol under each statute for engaging in precisely the same acts.

Because of these flaws, the Court should grant Mr. Homol's motion to dismiss.

**I.     In opposing the motion to dismiss Count 1, the government is limited to the acts alleged in the indictment and those acts do not constitute corrupt acts under Section 1512(c).**

   **a.  Mr. Homol is not requesting more specific facts to be alleged in the indictment; the facts that are alleged do not constitute corrupt acts.**

Mr. Homol moved to dismiss Count 1 because the facts alleged in the indictment—engaging in disorderly conduct by picketing, protesting, or demonstrating—do not constitute corrupt acts under 18 U.S.C. § 1512(c). ECF No. 66-1 at 3-10. The government mischaracterizes Mr. Homol's motion as demanding more detail about the alleged offense. *See*, *e.g.*, ECF No. 69 at 7 ("the specificity that Homol seeks for Count One's allegations is not required at this stage").  But the indictment includes what Mr. Homol purportedly did; the indictment alleges that Mr. Homol unlawfully entered the Capitol and engaged in an unlawful protest.

Mr. Homol's alleged conduct does not constitute a "corrupt" act under the current controlling precedent. As explained in Mr. Homol's moving brief, only Judge Pan limited the term "corruptly" to generally wrongful conduct. Judge Walker held that, to satisfy the "corruptly" element, the government must show the defendant sought some benefit for himself or another person. ECF No. 66-1 at 6-8. Judge Walker expressly conditioned his concurrence on that definition of "corruptly." *Id.* at 8. Judge Kastas dissented because he found corruptly, in context, required showing that the defendants' acts impaired the availability or integrity of evidence. *Id.* at 6. The indictment does not allege sufficient facts to satisfy Judge Walker's or Judge Kastas's definition of corruptly.

The government suggests that by merely tracking the statute it has alleged all elements of the offense. ECF No. 69. At 6. Parroting the statute's language alone is insufficient. The indictment must also include some facts to inform the defendant what he or she did to violate the statute: "Undoubtedly the language of the statute may be used in the general description of an offence, but

it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 118 (1974). Thus, the government cannot save the indictment merely by including the word "corruptly" in the indictment.

      **b. The government cannot avoid a motion to dismiss the indictment by citing facts not alleged in the indictment.**

The government's opposition does not argue that disorderly conduct is a corrupt act under § 1512(c). Instead, the government tries to bolster the indictment by including three pages of specific detail about Mr. Homol's movements, statements, and actions on January 6, 2021.ECF No. 69 at 2-5. None of those facts are included in the indictment.

The government cannot avoid a motion to dismiss by citing facts not charged in the indictment. A motion to dismiss an indictment "tests only whether an offense has been sufficiently charged" and is "not intended to be a summary trial of the evidence." *United States v. Yasak*, 884 F.2d 996, 1001 (7th Cir. 1989) (internal quotation marks omitted). As a result, courts have held that "[t]he Court's analysis of [a] motion to dismiss must be limited to 'the four corners of the indictment'" *United States v. Montgomery*, 578 F. Supp. 3d 54, 59 n.1 (D.D.C. 2021) (quoting *United States v. Safavian*, 429 F. Supp. 2d 156, 161 n.2 (D.D.C. 2006)); *United States v. DiFonzo*, 603 F.2d 1260, 1263 (7th Cir. 1979); *see also United States v. Miller*, 605 F. Supp. 3d 63, 71 (D.D.C. 2022) (reasoning that indictment count was not sufficient because the government pointed to no action alleged in the Indictment's four corners that had a reasonable nexus with that count).

**II.**      **The government asks this Court to apply a definition of corruptly that two of three panel judges rejected in the controlling D.C. Circuit opinion.**

The government asks the Court to apply a standard that two of three judges in *Fischer* rejected. ECF No. 69 at 13-14 (stating that corruptly requires "a showing of dishonesty or an improper purpose; consciousness of wrongdoing; or conduct that is independently criminal,

6

inherently malign" (internal quotations and alterations omitted). As described in Mr. Homol's moving brief, however, two of three judges in *Fischer* rejected that standard.ECF No. 66-1 at 6-10 (analyzing *United States v. Fischer*, __ F.4th __, 2023 U.S. App. LEXIS 8284 (D.C. Cir. 2023)).

The government urges the Court to ignore the D.C. Circuit's opinions in *Fischer* because the issue was not "authoritatively construe[d]" or "squarely presented."ECF No. 69 at 7, 9. That mischaracterizes the panel's opinions. The "corruptly" element was a central issue in *Fischer.* Each judge extensively analyzed § 1512(c)'s "corruptly" element. *See Fischer*, 2023 U.S. App. LEXIS 8284, at *18-25 (analyzing the "corruptly" element); *id.* at *47-67 (Walker, J., concurring in part) (analyzing the "corruptly" element); *id.* at *96-97, *108-117 (Katsas, J., dissenting) (analyzing "corruptly" element). Judge Walker stated that he upheld the defendants' convictions only because their acts satisfied his narrower definition of "corruptly:" "Because I read 'corruptly' as courts have read it for hundreds of years — and ***only*** because I read it that way — I concur in the Court's judgment." *Id.* at *68 (emphasis in original). Thus, Judge Walker's concurrence in the result explicitly rested on the defendants' alleged conduct meeting his narrower definition of "corruptly." This Court cannot ignore such careful analysis from the D.C. Circuit.

### III.  Two of the three judges in *Fischer* found that the government's proposed definition of corruptly could render 18 U.S.C. § 1512(c) unconstitutionally vague.

Section 1512(c)'s "corruptly" element is unconstitutionally vague as to Mr. Homol's indictment. The government suggests that the panel in *Fischer* made a blanket finding that § 1512©'s "corruptly" element is not unconstitutionally vague.

The panel's opinions refute the government's argument. Judge Walker held that his narrower definition of "corruptly" saved § 1512(c) from being impermissibly broad: "Reading 'corruptly' to require more than a 'wrongful purpose' avoids that problem." *Id.* At *65-66. Similarly, Judge Katsas found that applying Judge Pan's broadest definition of "corruptly"—the

definition the government urges this Court to adopt—would render the statute impermissibly vague. *Id.* At *110-12. Judge Katsas found that defining "corruptly" as merely "wrongful, immoral, depraved, or evil," or as merely "'with a corrupt purpose' or through 'independently corrupt means'" would render § 1512© impermissibly vague. Thus, both Judge Walker and Judge Katsas found that the definition of "corruptly" urged by the government could render § 1512© unconstitutionally vague.

The indictment does not accuse Mr. Homol of any immoral or depraved conduct. It only alleges that Mr. Homol engaged in disorderly conduct through picketing, demonstrating, or parading in the Capitol. Nor does the indictment accuse Mr. Homol of seeking any benefit for himself, or for any other person, as required by Judge Walker's opinion. By contrast, the indictments in *Fischer* alleged that the defendants, among other things, assaulted police officers to overturn the election and secure the Presidency for Donald Trump. Thus, even though the panel did not find that § 1512(c) was unconstitutionally vague for the defendants before it, it is vague as applied to Mr. Homol.

**IV.    The government cannot convict Mr. Homol of multiple counts for a single act.**

The government's opposition oversimplifies *Blockberger* as only "refer[ring] to the elements of the offenses, not whether a single act could violate multiple statutes.". ECF No. 69 at 19. The government is correct that a single act or transaction can violate more than one statute. But the government cannot pile on charges for a single transaction simply by finding statutes with different elements. Rather, the Court must determine whether the different elements for each statute require proof of a different *fact*: "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of ***a fact*** which the other does not." *United*

*States v. Walker*, 383 U.S. App. D.C. 270, 274, 545 F.3d 1081, 1085 (2008) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (emphasis added)).

The □overnent has simply found statutes with different elements that could be met with proof of the same fact. As explained in Mr. Homol's moving brief, the same alleged facts that would satisfy Count 3 would also satisfy the elements of every other count. Thus, the Court should dismiss the indictment and order the government to merge Mr. Homol's alleged acts into a single count if he is re-indicted.

## **CONCLUSION**

For the above reasons and in his moving brief, Mr. Homol asks the Court to grant his motion to dismiss the indictment.

Dated:  June 16, 2023                    Respectfully Submitted,

*/s/William T. DeVinney*_____
James W. Hundley
William T. DeVinney
Briglia Hundley, P.C.
1921 Gallows Road, Ste 750
Tysons Corner, VA 22182
Phone: (703) 883-0880
Fax: (703) 942-8092
Email:  jhundley@brigliahundley.com
Email:  wdevinney@brigliahundley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served via the Court's electronic filing system on this 16 June 2023 to:

Elizabeth Nash Eriksen
Trial Attorney, Detailee
VA Bar No. 72399
DOJ-Criminal Division
1301 New York Avenue
8th Floor
Washington, DC 20005
(202) 616-4385
Elizabeth.Eriksen@usdoj.gov

Nathaniel K. Whitesel
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
(202) 252-7759
nathaniel.whitesel@usdoj.gov

*/s/James W. Hundley*
James W. Hundley