UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**United States of America**

                                              Case No. 23-cr-0050 (JMC)

    v.

**Dillon Paul Homol**,

    *Defendant*.

### Defendant's Reply Memorandum in Support of His Motion to Require the Government to Comply with Its *Brady* Obligations

In filing this Motion, the defendant took care to present it in a manner that fairly laid out the enormous discovery burden that both parties are confronting in this unprecedented case. Mr. Homol is but one of hundreds of individuals who have been charged for their various activities at the United States Capitol on January 6, 2021. The defendant acknowledges that the government has been steadily producing a tremendous volume of video recordings captured through security cameras installed at the Capitol on January 6 as well as other recordings and documents detailing the events of that day. The purpose of this Motion to Comply is straightforward: to obtain on the record the government's position regarding what, if any, steps it has taken to determine the relevance of the video released by the United States House of Representatives to members of the media. News reports covering this issue have consistently reported that the release involved over 41,000 hours of Capitol security video recordings captured on January 6, 2021. (Hereinafter referred to as the "House Video.")

Counsel for the defendant presumed that the government might simply answer that the House Video was the same as the video it has been reviewing and producing in its discovery productions, including the 27 "global productions" produced thus far. While the government's

1

response memo hints that this could be the case, it concedes the government has not confirmed it.[1] Inexplicably, the government then argues that it has no obligation to examine the relevance of this evidence. To support this position, the government cites a series of cases which are factually distinguishable from the present case. In essence, the government is asking the Court to extend recognized limitations on its discovery and *Brady* obligations to a situation where those limitations have never before been recognized.

      The government's argument that they have not gathered the House Video, do not possess it, and thus have no obligations regarding it, is a dramatic understatement of their legal duties. An individual prosecutor "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S. Ct. 1555, 1567 (1995). The prosecutor cannot get around *Brady* by keeping themselves in ignorance. *Carey v. Duckworth,* 738 F.2d 875, 878 (7th Cir. 1984). A "prosecutor may not sandbag a defendant by 'the simple expedient of leaving relevant evidence to repose in the hands of another agency while utilizing his access to it in preparing his case for trial.'" *United States v. Marshall*, 132 F.3d 63, 69 (D.C. Cir. 1998), *citing United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir. 1997) (*quoting United States v. Trevino*, 556 F.2d 1265, 1272 (5th Cir. 1977)). The government's refusal to investigate and examine the House Video is an example of a prosecutor attempting to improperly limit their obligations by intentionally ignoring known and relevant evidence.

---

[1] "The government believes that the footage in question comes from the Capitol's video surveillance system, commonly referred to as "CCTV" ("closed-circuit television"). . . Counsel for the Government has not had the opportunity to compare the files described by Speaker McCarthy with those previously disclosed. . ." *See* ECF No. 70 at pp. 2, 4.

The government cites *United States v. Anthony Williams*, 21-cr-377, ECF No. 108, at 6, to support its contention that it has no obligation regarding the House Video because it is not in possession or control of this evidence. ECF No. 70 at 4. In *Williams*, the defendant moved on the eve of trial for a continuance based on his claim that the House Select Committee's ongoing investigation could potentially produce evidence beneficial to his case. As the defendant was unable to identify any specific evidence that might benefit or prejudice him, the Court concluded that a continuance was not appropriate. Unlike the situation in *Williams,* Mr. Homol has, in a timely manner, identified tangible evidence which is undeniably relevant to his case and asked the government to confirm that it has met its legal obligations regarding this evidence.

This evidence is not in the hands of a foreign government, as was the case regarding the claims raised in *United States v. Mejia,* 488 F.3d 436, 444-45 (D.C. Cir. 2006), also cited by the government. Nor does it involve evidence held by a state government or agency, i.e., a separate sovereign, of which the government has no knowledge or control. *See United States v. Brazel*, 102 F.3d 1120, 1149-50 (11th Cir. 1997) (stating that "within the possession, custody, or control of the government" normally does not extend to material held by local law enforcement offices). Here, the evidence is in the hands of the United States Congress, a part of the federal government engaging in its own investigation of January 6 and the alleged victim of the charges brought in this case.

It must also be noted that the government's obligations regarding this evidence are not limited to *Brady*. The government is also required to examine this evidence for potential production pursuant to Rule 16 of the Federal Rules of Criminal Procedure. The plain language of Rule 16(a)(1)(E)(i) covers evidence which is material "to the preparation of the defendant's defense." The rule compels the disclosure of inculpatory as well as exculpatory evidence because

inculpatory evidence is just as likely to assist in "the preparation of the defendant's defense." *United States v. Marshall,* 132 F.3d 63, 67 (D.C. Cir. 1998).  The discovery obligations mandated by Rule 16 "contribute[ ] to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea." *Id., quoting* Fed.R.Crim.P. 16 advisory committee note to 1974 amendment.

## CONCLUSION

Based on the foregoing, as well as the facts and arguments presented in his opening memo in support of this Motion and such additional reasons as may be raised in open court, the defendant requests that this Honorable Court grant this Motion and order the government to comply with its obligations regarding the House Video by:

- Reviewing the House Video (or showing good cause why it cannot not review the House Video); and

- Confirming that it has already disclosed this evidence to the defendant; or

- Disclosing such portions of the House Video as are necessary for it to meet its obligations under *Brady* and its progeny as well as Fed. R. Crim. P. 16.

Dated:  June 16, 2023              Respectfully submitted,

*/s/James W. Hundley*
James W. Hundley
William T. DeVinney
Briglia Hundley, P.C.
1921 Gallows Road, Ste 750
Tysons Corner, VA 22182
Phone: (703) 883-0880
Fax: (703) 942-8092
jhundley@brigliahundley.com
wdevinney@brigliahundley.com

Certificate of Service

I certify that on June 16, 2023, the foregoing Reply Memorandum in Support of Defendant's Motion to Require the Government to Comply with Its Brady Obligations was served on the following via the Court's electronic filing system:

Elizabeth Nash Eriksen
Trial Attorney, Detailee
VA Bar No. 72399
DOJ-Criminal Division
1301 New York Avenue
8th Floor
Washington, DC 20005
(202) 616-4385
Elizabeth.Eriksen@usdoj.gov

Nathaniel K. Whitesel
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
(202) 252-7759
nathaniel.whitesel@usdoj.gov

/s/James W. Hundley
James W. Hundley