**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 23-cr-50 (JMC)** |
| **v.** | : | |
| | : | |
| **DILLON PAUL HOMOL,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MOTION IN LIMINE TO LIMIT CROSS-EXAMINATION OF SECRET SERVICE AGENCY WITNESSES

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this motion *in limine* to limit cross-examination of witnesses with the United States Secret Service ("Secret Service"), pursuant to Fed. R. Evid. 401, 403, and 611(b). Counsel for the Government conferred with counsel for the Defendant on this motion, who advised that the Defendant does not oppose the requested relief.

## FACTUAL BACKGROUND

On January 6, 2021, as a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College for the 2020 U.S. Presidential Election, the Defendant, along with a large group of individuals, illegally entered a restricted area at the West Front of the United States Capitol Building.

The Defendant is charged by the indictment in this case with five counts, two of which are for violating 18 U.S.C. § 1752(a)(1) by knowingly entering or remaining on restricted grounds without lawful authority. The statute defines "restricted buildings or grounds" to include any building or grounds that a person being protected by the Secret Service is or will temporarily be visiting. 18 U.S.C. § 1752(c)(1)(B).

1

To meet its burden of proof at trial, the government may call a witness from the Secret Service to testify that, at the time of the Capitol breach, Secret Service agents were on duty to protect Vice President Michael Pence and his two immediate family members, all of whom were present at the Capitol.

However, the very nature of the Secret Service's role in protecting the Vice President and his family implicates sensitive information related to that agency's ability to protect high-ranking members of the Executive branch and, by extension, national security. Thus, the government seeks an order limiting the cross-examination of the Secret Service witnesses to questioning about the protection detail work performed by the Secret Service on January 6, 2021, as testified to on direct examination, in this case protecting the Vice President and his family. The government further requests that such order preclude cross-examination that would elicit information that is not directly related to whether the Secret Service was performing that function at the Capitol on January 6, 2021. The Defendant should be specifically foreclosed from questioning the witnesses about the following:

1. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur;

2. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.

## ARGUMENT

### I.    This Court Has the Discretion to Limit Cross-Examination of Witnesses at Trial

It is well-established that a district court has the discretion to limit cross examination. *See Alford v. United States,* 282 U.S. 687 (1931) ("The extent of cross-examination [of a witness] with respect to an appropriate subject of inquiry is within the sound discretion of the trial court."). A court has the discretion to prohibit cross-examination that goes beyond matters testified to on direct examination. Fed. R. Evid. 611(b). This is particularly so when the information at issue is of a sensitive nature. *See e.g., United States v. Balistreri,* 779 F.2d 1191, 1216-17 (7th Cir. 1985) (upholding district court's decision to prohibit cross-examination of agent about sensitive information about which that agent did not testify on direct examination and which did not pertain to the charges in the case), *overruled on other grounds* by *Fowler v. Butts,* 829 F.3d 788 (7th Cir. 2016). Other permissible reasons for limiting cross-examination include preventing harassment, prejudice, confusion of the issues, or repetitive, cumulative, or marginally relevant questioning. *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986).

While limiting a defendant's opportunity for cross-examination may implicate the constitutional right to confront witnesses, the Confrontation Clause only guarantees "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). Even evidence that may be relevant to an affirmative defense should be excluded until the defendant sufficiently establishes that defense through affirmative evidence presented during his own case-in-chief. *See United States v. Lin,* 101 F.3d 760, 768 (D.C. Cir. 1996) (acknowledging trial court has discretion to limit cross-examination on prejudicial matters without reasonable grounding in fact); *United States v. Sampol,* 636 F.2d 621, 663-64 (D.C. Cir. 1980) (holding that

3

trial court properly limited cross-examination of alleged CIA murder scheme until defense put forth sufficient evidence of the affirmative defense in its case-in-chief); *United States v. Stamp*, 458 F.2d 759, 773 (D.C. Cir. 1971) (finding trial court properly excluded cross examination of government's witness with response to matter only related to an affirmative defense and not elicited through direct exam).  Preventing the defendant from exploring the topics identified above will not infringe her Confrontation Clause right because those topics are not relevant to an element at issue in the case, provide no basis for impeaching the Secret Service witness, and do not implicate any affirmative defense.

## II.  Cross-Examination of Secret Service Witnesses Should Be Limited to Whether the Capitol was Restricted on January 6, 2021

In order to prove the conduct charged in the Indictment, the government may elicit testimony from Secret Service witnesses to establish that the Capitol and its grounds were "restricted," for purposes of § 1752(a) because the Vice President and his family were present there and being protected by the Secret Service. [1] *See* 18 U.S.C. § 1752(c)(1)(B)(defining restricted buildings and grounds). The government need only prove that, on January 6, 2021, the U.S. Capitol was a "building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." *Id.*

Cross-examination of Secret Service witnesses about extraneous matters beyond the scope of direct examination should be excluded as irrelevant or unduly prejudicial. The Secret Service's general protocols about relocation should be excluded as irrelevant because such evidence does not tend to make a fact of consequence more or less probable. Fed. R. Evid. 401 (defining relevant evidence). Similarly, evidence of the nature of Secret Service protective details is not relevant in

---

[1] The Secret Service is authorized to protect the Vice President and his immediate family. 18 U.S.C. §§ 3056(1) and (2).

this case. The number or type of assigned agents on a protective detail does not alter the restricted area that was established on January 6, 2021. None of the other elements to be proven, or available defenses, implicates further testimony from the Secret Service.

Even assuming the evidence to be excluded is marginally relevant, such relevance is substantially outweighed by the danger of confusion of the issues, mini-trials, undue delay, and waste of time. *See United States v. Mohammed,* 410 F. Supp. 2d 913, 918 (S.D. Cal. 2005) (finding that information having broader national security concerns can be excluded under Rule 403 because its tendency to confuse the issues, mislead the jury, create side issues or a mini trial can result in undue prejudice that substantially outweighs any probative value). Broader cross-examination of Secret Service witnesses could compromise national security without adding any appreciable benefit to the determination of the truth, or the veracity or bias of witnesses. *Id.*

### III.     The Government Requests an *In Camera Ex Parte* Proceeding to Determine the Admissibility of Certain Evidence

If this court determines that a hearing is necessary to determine the admissibility of testimony by Secret Service witnesses, the government requests the hearing be conducted *in camera* and *ex parte*. As noted, in this case, disclosure of certain information could prove detrimental to the Secret Service's ability to protect high-level government officials and affect our national security. Courts have found such considerations justify *ex parte, in camera* proceedings. *See Gilmore v. Palestinian Interim Self-Gov't Auth.,* 843 F.3d 958, 968 (D.C. Cir. 2016) (finding that while *ex parte* proceedings should be employed to resolve discovery disputes only in extraordinary circumstances, they are appropriate where disclosure could lead to substantial adverse consequences, such as where a party sought intelligence materials generated in the midst of a geopolitical conflict); *United States v. Nixon,* 418 U.S. 683, 714 (1974) (affirming district court's order for *in camera* inspection of subpoenaed presidential materials); *United States v.*

*Kampiles,* 609 F.2d 1233, 1248 (7th Cir. 1979) ("It is settled that *in camera ex parte* proceedings to evaluate bona fide Government claims regarding national security information are proper."); *In re Taylor,* 567 F.2d 1183, 1188 (2d Cir. 1977) (finding that *in camera* proceedings "serve to resolve, without disclosure, the conflict between the threatened deprivation of a party's constitutional rights and the Government's claim of privilege based on the needs of public security."); *United States v. Brown,* 539 F.2d 467, 470 (5th Cir. 1976) (per curiam) (same).

## CONCLUSION

For these reasons, the United States requests, and the Defendant does not oppose, that this Court enter an order, as described above, limiting cross-examination of any witness with the Secret Service.  If this Court determines an evidentiary hearing is necessary to rule on this motion, the government asks that the hearing be held *in camera* and *ex parte*.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     /s/ Elizabeth N. Eriksen
        ELIZABETH N. ERIKSEN
        VA Bar no. 72399
        Trial Attorney, Detailee
        U.S. Dept. of Justice, Criminal Division
        Detailed to the USAO-DC
        601 D Street NW
        Washington, DC 20530
        (202) 616-4385
        Elizabeth. Eriksen@usdoj.gov

        /s/ Nathaniel K. Whitesel
        NATHANIEL K. WHITESEL
        Assistant United States Attorney
        DC Bar No. 1601102
        601 D Street NW
        Washington, DC 20530
        nathaniel.whitesel@usdoj.gov
        (202) 252-7759