UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **United States of America**, *Plaintiff*, v. **Dillon Paul Homol**, *Defendant.* | Case No. 23-cr-50 (JMC) |

**Brief in Support of Defendant's Motion to Continue the Trial**

Date:  September 24, 2023

James W. Hundley, DDC Bar # VA049
William T. DeVinney, D.C. Bar # 488539
Briglia Hundley, P.C.
1921 Gallows Road, Ste 750
Tysons Corner, VA 22182
Phone: (703) 883-0880
Fax: (703) 942-8092
Email:  jhundley@brigliahundley.com
Email:  wdevinney@brigliahundley.com

**Introduction**

Defendant Dillon Homol asks for a continuance so that the witness to whom he issued a subpoena, his brother David Homol, can properly evaluate whether he will waive his Fifth Amendment right and testify for his brother at trial. As described below, the government initially indicated it had no evidence David Homol entered any restricted area on January 6, 2021. On Friday, however, after learning the David Homol would be a witness for the defense, the government informed David Homol's attorney that it had discovered evidence David Homol had entered restricted zones on the Capitol grounds. As of this filing, neither David Homol nor his attorney has seen this evidence. At this point, David Homol's attorney has advised him to assert his Fifth Amendment right and not testify on Dillon Homol's behalf. Dillon Homol's counsel were advised of this development today, Sunday, September 24, 2023, one day before Dillon Homol's trial is scheduled to commence.

**Facts**

The government alleges that Defendant attended the January 6, 2021, protests and then entered and paraded, demonstrated, and picketed in the Capitol without permission which disrupted the certification of the 2020 Presidential election. Thus, the government's indictment alleges five different criminal charges: Obstruction of an Official Proceeding and Aiding and Abetting under 18 U.S.C. §§ 1512(c)(2); Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building under 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building under 40 U.S.C. § 5104(e)(2)(G). (D.I. 240).

The most serious charge and only felony count, violating 18 U.S.C. §§ 1512(c)(2), turns on whether Defendant "corruptly" obstructed, influenced, or impeded any official proceeding. Thus, the government must prove that Mr. Homol acted corruptly on January 6, 2021.

Defendant issued a witness subpoena to David Homol, Defendant's brother, on August 1, 2023. The defense expects David Homol to testify that he invited Dillon to attend the January 6 rally and handled much of the trip's preparations. He then accompanied Defendant to Washington, D.C., for the January 6, 2021, rally on the Ellipse. They attended the speeches at the Ellipse and then walked to the Capitol. The Defendant and David Homol stayed together on the Capitol grounds until David lost sight of the Defendant in the growing crowd outside the Capitol.

On Wednesday, September 20, 2023, counsel for the Defendant identified David Homol as a defense witness. On Thursday, September 21, 2023, the government called Dillon Homol's attorneys to ask whether David Homol was represented by counsel in the event David Homol had any Fifth Amendment concerns. During this call, the government stated that it did not have any current information that David Homol entered any restricted areas on January 6, 2021, and that no active investigation was pending against him.

Mr. Homol's attorneys prepared their case expecting David Homol to testify. David Homol is a key witness for the defense (potentially its only witness.) Importantly, David Homol is expected to provide testimony rebutting the government's accusation that Mr. Homol acted "corruptly" to disrupt or impede an official proceeding.

On Friday, September 22, 2023, the government contacted David Homol's attorney, Stephen Sulzer, and notified him that the government now has evidence that David Homol entered restricted areas on January 6, 2021. Mr. Sulzer has not seen the evidence that David

Homol entered any restricted area but has requested it. The government has agreed to this request.

On Sunday, September 24, 2023, Mr. Sulzer notified Defendant's attorneys that he had advised David Homol not to testify for the defense. Neither David Homol nor his attorney can effectively evaluate what, if any, risk David Homol faces if he testifies on his brother's behalf until they have had a sufficient opportunity to review the potentially incriminating evidence. Likewise, should his brother assert his Fifth Amendment rights and refuse to testify, the Defendant and his counsel will need a sufficient opportunity to assess this development on his defense.

**Argument**

I. **Legal Standard**

Whether to grand a continuance is left to the sound discretion of the trial court. *See United States v. Nordean*, No. 21-175 (TJK), 2022 U.S. Dist. LEXIS 108898, at *34 (D.D.C. June 20, 2022).

II. **The Court should grant a continuance so David Homol can make an informed decision on whether he will waive his Fifth Amendment rights.**

   A. **The government's recent disclosure of evidence potentially incriminating David Homol affects Defendant's Sixth Amendment right to call witnesses in his defense.**

The Sixth Amendment guarantees a defendant the right to compel a witness to testify in his favor. U.S. Const. amend. VI. That right to compel is critical to Defendant's right to a fair trial: "'"the right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense." *Washington v. Texas*, 388 U.S. 14, 19 (1967). But the Fifth Amendment protects any witness from being compelled to testify if it may incriminate him. U.S. Const. amend. V. These rights can conflict with one another. *See United States v. Edmond*, 311 U.S. App. D.C. 235, 52 F.3d 1080, 1109 (1995). When they do, the D.C.

4

Circuit "recognized that the defendant's Sixth Amendment right may yield to the witness's Fifth Amendment privilege." *Id.*

Three days before trial, the government informed David Homol's counsel that it had incriminating evidence that David Homol entered a restricted area. One day before trial, David Homol's counsel notified defense counsel that he had advised David Homol to assert his Fifth Amendment right and refuse to testify in the Defendant's case. It remains a possibility that David Homol, after reviewing the government's evidence with counsel, will be willing to waive his Fifth Amendment rights and testify on his brother's behalf. This decision will depend on the strength of the government's evidence, the potential charges against him, and/or his willingness to accept the potential legal risks and testify for his brother. David Homol cannot make that decision without more information about the potential charges against him.

### B. Any waiver by David Homol of his Fifth Amendment rights must be knowing and voluntary.

A continuance is also necessary to protect the witness's rights. The Fifth Amendment forbids the government from compelling a person to give testimony that might incriminate him. A person's waiver of his Fifth Amendment must be knowing and voluntary. *United States v. Karake*, 443 F. Supp. 2d 8, 12 (D.D.C. 2006).

David Homol wants to testify on his brother's behalf. But David Homol cannot make an informed decision about whether to do so without knowing what evidence the government has against him. Should David Homol reach a fully informed decision that he must assert his right to remain silent, the Defendant and his counsel will need sufficient time to assess and respond to this development's impact on his case.

**Conclusion**

The Defendant's only witness, David Homol, learned on the eve of trial that the government has evidence that he committed a crime on January 6, 2021. Because David Homol and his counsel have not yet reviewed that evidence, the witness cannot make an informed decision about whether to testify for the Defendant. Given these unsettled circumstances, David Homol's attorney has advised him not to testify on behalf of his brother.  Based on these recent developments, the Defendant requests that this Honorable Court grant a brief continuance to protect his Sixth Amendment right to trial and to protect David Homol's exercise of his Fifth Amendment rights.

Dated:  September 24, 2023                     Respectfully Submitted,


                 _/s/ James W. Hundley_
James W. Hundley
William T. DeVinney
Briglia Hundley, P.C.
1921 Gallows Road, Ste 750
Tysons Corner, VA 22182
Phone: (703) 883-0880
Fax: (703) 942-8092
Email:  jhundley@brigliahundley.com
Email:  wdevinney@brigliahundley.com

**Certificate of Service**

I certify that Defendant's Motion to Continue was served on all counsel of record on September 24, 2023, via the Court's electronic filing service.

                                                        */s/ William T. DeVinney*
                                                          William T. DeVinney